CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

JEFF MITCHELL (CABN 236225)
Chief, Criminal Division

KENNETH CHAMBERS (NYBN 5559885)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6940
    FAX: (415) 436-7240
    kenneth.chambers@usdoj.gov

Attorneys for United States of America

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 3:24-CR-00391-MMC-1 |
| Plaintiff, | UNITED STATES' SENTENCING MEMORANDUM |
| v. | |
| MARIO LAINEZ-MARTINEZ, | Sentencing Date:  April 29, 2026<br>Time:  2:15 p.m.<br>Judge:  Hon. Maxine M. Chesney |
| Defendant. | |

UNITED STATES SENTENCING MEMORANDUM
3:24-CR-00391-MMC-1

## I.   **INTRODUCTION**

The United States respectfully requests that this Court sentence the defendant to 78 months in custody, which is a low-end guideline sentence of the Guidelines calculation set forth below.  The government also requests that his sentence be followed by three years of supervised release, with restitution imposed.  On July 12, 2024, an Indictment was filed charging the defendant, *inter alia*, with one count of Conspiracy to Distribute and Possess with Intent to Distribute Fentanyl and Methamphetamine, a felony, in violation of 21 U.S.C. § § 846, 841(a)(1) and (b)(1)(C).  Dkt. 20. The defendant pled guilty pursuant to a plea agreement on January 28, 2026. Dkt. 98. The Defendant will appear before the Court for sentencing on April 29, 2026 at 2:15 p.m.

## II.   **FACTUAL BACKGROUND**

Beginning at least as early as May 22, 2023, and continuing through at least June 20, 2024, in the Northern District of California, the defendant, along with his co-defendants, Co-Conspirator 2, Co-Conspirator 3 and Co-Conspirator 4, conspired to distribute, and to possess with intent to distribute, controlled substances, including fentanyl and methamphetamine.

Specifically, on or about August 22, 2023, in furtherance of the conspiracy, the defendant sold 56 grams of a mixture containing a detectable amount of fentanyl to an undercover officer for $600. On or about August 30, 2023, in furtherance of the conspiracy, the defendant sold 56 grams of a mixture containing a detectable amount of fentanyl to an undercover officer for $1,000.

On or about September 26, 2023, in furtherance of the conspiracy, the defendant sold 37 grams or more of a mixture containing a detectable amount of fentanyl to an undercover officer for $800.

On or about December 14, 2023, in furtherance of the conspiracy, the defendant sold 83 grams of a mixture containing a detectable amount of fentanyl to an undercover officer for $2,000. Furthermore, throughout the duration of the conspiracy, the defendant discussed drug-related transactions with Co-Conspirator 2 and Co-Conspirator 3. Additionally, over the course of the conspiracy, at least 4,750 kilograms of fentanyl were sold. Lastly, pursuant to a plea agreement, the defendant agreed to forfeit $4,400, which were proceeds derived from the offense.

## III.   **DEFENDANT'S GUIDELINE CALCULATION**

2

UNITED STATES SENTENCING MEMORANDUM
3:24-CR-00391-MMC-1

The Sentencing Guidelines calculations for the defendant's offense level set forth in the Plea Agreement are as follows:

a.     Base Offense Level, U.S.S.G. §2D1.1(c)(4):                              32

b.     Acceptance of Responsibility:                                                   - 3

   If I meet the requirements of U.S.S.G. § 3E1.1, I may be entitled to a three-level reduction for acceptance of responsibility, provided that I forthrightly admit my guilt, cooperate with the Court and the Probation Office in any presentence investigation ordered by the Court, and continue to manifest an acceptance of responsibility through and including the time of sentencing.

c.     Global Disposition under U.S.S.G. § 5K2.0(a)(2)                         -2

d.     Adjusted Offense Level:                                                              27

## IV.     LEGAL STANDARD

The United States Sentencing Guidelines serve as "the starting point and initial benchmark" of any sentencing process and are to be kept in mind throughout the process. *See United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008); *see also United States v. Kimbrough*, 522 U.S. 85, 108 (2007). The overarching goal of sentencing, as set forth by Congress, is for the Court to "impose a sentence sufficient, but not greater than necessary." *Carty*, 520 F.3d at 991. To that end, the Court should consider the factors set forth under 18 U.S.C. § 3553(a), to include:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2)  The need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(3) The need for the sentence imposed to afford adequate deterrence to criminal conduct;

(4) The need to void unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

## V.     PRESENTENCE REPORT

The government reviewed the PSR prepared by United States Probation Officer Pepper Friesen. The government believes that the total offense level is 27. At the time of the offense, U.S.S.G. § 5K2.0

3

UNITED STATES SENTENCING MEMORANDUM
3:24-CR-00391-MMC-1

was valid. Accordingly, the court should apply the two-level reduction in this case as it is advantageous to the defendant. *See United States v. Espinoza-Morales*, 621 F. 3d 1141, 1146 (9th Cir. 2010) (stating "[a]lthough a sentencing court must generally apply the guidelines in effect at the time of sentencing, the Ex Post Facto Clause requires the court to apply instead the Guidelines in effect at the time of the current offense 'if the guidelines have undergone substantive changes that would disadvantage the defendant.'") (internal citations omitted). Additionally, the government has no objection to, and agrees on, the Criminal History Category in the PSR. The government further agrees that the defendant should receive a three-level reduction for acceptance of responsibility and timely notification of his intent to plead guilty.  The government does not have any objections to the report's factual recitation or recommended supervision terms. The government, however, respectfully disagrees with probation's 60-month sentence recommendation for the reasons discussed below.

## VI.    SENTENCING RECOMMENDATION

The government recommends a sentence of 78 months. The government believes that this sentence is reasonable and sufficient, but not greater than necessary, to achieve the goals of sentencing. The 78-month recommendation is a low-end guideline sentence and is based on the sentencing factors set forth under 18 U.S.C. § 3553(a).

In our case, the defendant's conduct is serious. Over the course of a year, the defendant conspired to sell fentanyl, along with methamphetamine, on various occasions, thereby posing a danger to the community. For this reason, the government believes that the low-end 78-month sentence reflects the seriousness of the offense while also taking into account the defendant's history and characteristics. For these reasons, a 78-month sentence is appropriate considering the nature and circumstances of the offense.

## VII.    CONCLUSION

With full consideration, the Government recommends that the Court impose a sentence of 78 months in prison, followed by three years of supervised release and a $100 special assessment fee. This sentence is reasonable and sufficient, but not greater than necessary, to achieve the goals of sentencing.

//

4

UNITED STATES SENTENCING MEMORANDUM
3:24-CR-00391-MMC-1

DATED:  April 22, 2026

Respectfully submitted,

CRAIG H. MISSAKIAN
United States Attorney

/s/ *Kenneth Chambers*
KENNETH CHAMBERS
Assistant United States Attorney

5

UNITED STATES SENTENCING MEMORANDUM
3:24-CR-00391-MMC-1